UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CRYSTAL NICOLE LOWE, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:17-cv-01436-RDP |
| } | |
| SERGEANT STEVE SCOTT, } | |
| } | |
| Defendant. } | |

**MEMORANDUM OPINION**

This case is before the court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint. (Doc. # 12). The parties have fully briefed the Motion (*see* Docs. # 12, 15-16), and it is ripe for decision. After careful review, and for the reasons explained below, Defendant's Motion to Dismiss is due to be granted.

**I.   Background**

On August 16, 2016, Plaintiff and Hoyt Lowe ("Hoyt") finalized their divorce. (Doc. # 11 at ¶ 8). Their divorce agreement granted Hoyt sole and exclusive use and occupancy of the marital residence. (*Id.* at ¶ 8). Nevertheless, after an Alabama circuit court entered a divorce judgment, Plaintiff and Hoyt entered into a verbal agreement whereby "Plaintiff and their three children were to stay at the marital residence until they were able to find a place to live." (*Id.* at ¶ 9). According to the Amended Complaint, this agreement created a tenancy at will between Plaintiff and Hoyt. (*Id.*).

On the evening of August 24, 2016, Hoyt called the police to his residence. (*Id.* at ¶ 10). Defendant, a sergeant with the Warrior Police Department, responded to the "domestic call."

(*See id.* at ¶¶ 6, 10-11). Hoyt insisted that Plaintiff and their three children -- ages 2, 7, and 10 -- be removed from the residence.[1] (*Id.* at ¶ 10). Defendant allegedly instructed Plaintiff to leave the residence or she would be taken to jail. (*Id.* at ¶ 11). When Plaintiff attempted to explain the situation and her oral agreement with Hoyt, Defendant interrupted her and reiterated that she would be taken to jail if she did not leave the residence. (*Id.*). Defendant instructed Plaintiff to gather her belongings and leave the residence. (*Id.* at ¶ 12). Ultimately, Plaintiff left the residence with her three children. (*Id.* at ¶ 13).

## II.     Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[1] To be clear, Hoyt Lowe is a non-party to this action, and the court is not being asked to discuss or decide the propriety of Hoyt's insistence that not only Plaintiff but their three children (ages 10 and under) be evicted from the home late in the evening of August 24, 2016. And, although the court is having difficulty conceiving of any justification for Hoyt's conduct, the propriety of his demand to put three young children on the street is not a matter for the court to adjudicate.

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that all of the well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

## III. Analysis

In her Amended Complaint, Plaintiff raises one 42 U.S.C. § 1983 claim against Defendant in his individual and official capacities. (Doc. # 11 at ¶¶ 14-18). Plaintiff claims that Defendant deprived her of her due process rights by removing her children and her from the residence despite her valid oral lease. (*Id.* at ¶ 17). Defendant argues that Plaintiff's procedural due process claim fails as a matter of law because: (1) Plaintiff has not pled a *Monell* policy or custom to justify an official capacity claim; (2) Plaintiff had no property interest in the residence under a tenancy at will; (3) Plaintiff could have obtained an adequate post-deprivation remedy

through a wrongful eviction suit in Alabama state court; and (4) Defendant is entitled to qualified immunity. The court begins its analysis by discussing the official capacity claim remaining in this action. Then, the court proceeds to address whether Defendant is entitled to qualified immunity for the procedural due process claim. Because the court concludes that the claims against Defendant are due to be dismissed based on those arguments, the court does not address Defendant's other contentions.

### A. Plaintiff's Official Capacity Claim is Due to be Dismissed

Plaintiff has sued Defendant in his individual and official capacities. (Doc. # 11 at p. 1). A suit against a municipal officer in his official capacity is functionally equivalent to a suit against the municipality itself. *Snow ex rel. Snow v. City of Citronelle, Ala.*, 420 F.3d 1262, 1270 (11th Cir. 2005). It is axiomatic that a municipality cannot be held liable under § 1983 under a *respondeat superior* theory. *Id.* Instead, to hold a municipality liable, a plaintiff "must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the constitutional violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)). Here, Plaintiff's Amended Complaint contains no factual allegations whatsoever to support the existence of a municipal policy or custom that caused the alleged constitutional violation. (*See generally* Doc. # 11). Nor has Plaintiff argued in support of an official capacity claim in her opposition brief. (*See generally* Doc. # 15). Accordingly, the court agrees with Defendant that any official capacity § 1983 claim remaining in this action is due to be dismissed.

### B. Defendant is Entitled to Qualified Immunity with Regard to Plaintiff's Procedural Due Process Claim

To state a procedural due process claim, a plaintiff must assert a deprivation of a protected liberty or property interest, state action that deprives her of that interest, and constitutionally inadequate process. *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). Federal courts look to state law to define the scope of a plaintiff's property interests. *Marine One, Inc. v. Manatee Cty.*, 898 F.2d 1490, 1492 (11th Cir. 1990). Generally, a person enjoys a protected property interest in continued residency under a lease or tenancy arrangement. *E.g.*, *Grayden*, 345 F.3d at 1232 (citing *Greene v. Lindsey*, 456 U.S. 444, 450-51 (1982), and *Ward v. Downtown Dev. Auth.*, 786 F.2d 1526, 1530-31 (11th Cir. 1986)). "As a general rule, an eviction must be preceded by notice and an opportunity to be heard" unless "exigent circumstances" justify a postponement of the hearing. *Id.* at 1236.

Qualified immunity shields "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity utilizes an objective reasonableness standard, "giving a government agent the benefit of the doubt unless her actions were so obviously illegal in the light of then-existing law that only an official who was incompetent or who knowingly was violating the law would have committed them." *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1366 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). The Eleventh Circuit has cautioned that "courts should think long and hard before stripping defendants of immunity." *Ray v. Foltz*, 370 F.3d 1079, 1082 (11th Cir. 2004). "We generally accord . . . official conduct a presumption of legitimacy." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 179 (1991).

5

Whether a defendant is entitled to qualified immunity is determined by engaging in a three-step analysis. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1136-37 (11th Cir. 2007). The initial burden is on an official claiming qualified immunity to establish that he was acting within his discretionary authority. *Id.* Here, Plaintiff does not dispute that Defendant acted within his discretionary authority by responding to a domestic call for police assistance. *Cf. Peach State Recovery, Inc. v. Goodwin*, No. 2:06-CV-0050-RWS, 2008 WL 109338, at *6-7 (N.D. Ga. Jan. 8, 2008) (concluding that a Georgia deputy sheriff acted within the scope of his discretionary authority when responding to a 911 call regarding an aggressive driver), *aff'd*, 290 F. App'x 233 (11th Cir. 2008). Once that showing is made, the burden shifts to a plaintiff to show that the "defendant's conduct violated a statutory or constitutional right." *Skop*, 485 F.3d at 1137. Finally, "the plaintiff must show that the violation was 'clearly established.'" *Id.*

A plaintiff may show that a defendant violated clearly established law in one of three ways. First, a plaintiff "may show that 'a materially similar case has already been decided.'" *Terrell v. Smith*, 668 F.3d 1244, 1255 (11th Cir. 2012) (quoting *Mercado v. City of Orlando*, 407 F.3d 1152, 1159 (11th Cir. 2005)). Second, a plaintiff "can point to a 'broader, clearly established principle that should control the novel facts of the situation.'" *Id.* (quoting *Mercado*, 407 F.3d at 1159) (alterations adopted). Third, a plaintiff may show that the conduct at issue so obviously violates the Constitution that prior case law is unnecessary. *Id.* (quoting *Mercado*, 407 F.3d at 1159). Plaintiff must meet this burden "by looking to the law as interpreted at the time [of the alleged violation] by the United States Supreme Court, the Eleventh Circuit, or the [Alabama] Supreme Court." *Id.*

Plaintiff's opposition brief cites several Alabama state court opinions and Alabama statutes, but none of the cited authority clearly states that a police officer is required to provide a

tenant at will pre-deprivation procedure before directing him or her to leave a residence. Alabama Code § 35-9A-427 prohibits a landlord from performing self-help evictions, but it says nothing about whether an officer can direct a tenant at will by oral agreement to leave a residence when a landlord seeks to evict such a tenant. Similarly, the divorce cases cited by Plaintiff say nothing about the process due to a tenant at will before directing him or her to leave a residence. *See generally Abdo v. Abdo*, 435 So. 2d 1292 (Ala. Civ. App. 1982) (discussing alimony payments ordered in a divorce proceeding); *Thomas v. Thomas*, 406 So. 2d 939 (Ala. Civ. App. 1981) (discussing a contempt proceeding against a husband who had failed to make alimony payments); *Hutton v. Hutton*, 222 So. 2d 348 (Ala. 1969) (discussing a modification proceeding for alimony and support).[2] Simply put, the state law cited by Plaintiff fails to show that Plaintiff had a clearly established property interest to use the residence in light of Hoyt's legal position as the sole owner of the residence, his call to the police, and his demand that Plaintiff and her children be removed from the residence. Moreover, Plaintiff has not plausibly pleaded allegations to show what process she was entitled to receive before being removed from the residence.

Binding authority from the Supreme Court and the Eleventh Circuit also offers no clear answer to the issues presented by Plaintiff's procedural due process claim. The Eleventh Circuit's *Grayden* opinion addressed the eviction of tenants from a residential apartment complex by a code enforcement officer. 345 F.3d at 1227-28. There, a code enforcement board informed the complex's owner of a pre-condemnation hearing, but officials directed the

---

[2] The court observes that *Abdo* and *Thomas* are not opinions that could provide clearly established law in the qualified immunity context because they were not issued by the Alabama Supreme Court. *See Terrell*, 668 F.3d at 1255. The court also notes that *Johnson v. State*, 473 So. 2d 607 (Ala. Cr. App. 1985), *overruled by Ex parte Gentry*, 689 So. 2d 916 (Ala. 1996), does not provide clearly established law relevant to this case because it is not a decision by the Alabama Supreme Court, and it discusses the crime of burglary in the context of a capital murder trial.

complex's residents to leave their apartments within one day without informing them of their right to a hearing to challenge the condemnation. *Id.* at 1228. The Eleventh Circuit explained that the tenants had a constitutionally-protected property interest in continued residency at the complex. *Id.* at 1232. Nevertheless, it held that the tenants could be evicted from the complex without a pre-deprivation hearing because the structure was dangerous and potentially life-threatening, as long as they received contemporaneous notice of their right to challenge the eviction in a post-deprivation hearing. *Id.* at 1237-38. Although the *Grayden* court determined that the code enforcement officer violated the plaintiffs' procedural due process rights by providing inadequate notice, it granted the officer qualified immunity because a reasonable officer could have believed that the tenants were not entitled to contemporaneous notice at the time of eviction. *Id.* at 1244-49.

*Grayden* could not have provided Defendant with clear notice of Plaintiff's procedural due process rights for a few reasons. First, *Grayden* is not a "materially similar" case because it discusses a code officer's eviction of tenants for perceived safety problems in a building, not a police officer's direction for an individual to leave a residence during a dispute when it is alleged in the First Amended Complaint that one party had a court order that granted sole and exclusive right to reside in the home and the other did not. *Cf. Terrell*, 668 F.3d at 1255. The exigent circumstances presented in *Grayden* (*i.e.*, the dangerous conditions perceived in the apartment complex) are not applicable to this case. Second, *Grayden* does not provide a clear broader principle governing this case. *Grayden* explains that a tenant should receive pre-deprivation notice before being evicted through state action unless exigent circumstances exist. *See* 345 F.3d at 1236-37. But, it does not address whether or when exigent circumstances exist in this context. Third, *Grayden* addresses a code enforcement officer's authority to evict individuals, not a police

8

officer's authority to do so in response to a call for assistance. It is clear to the court that different kinds of exigent circumstances can arise in a police officer's duties than those faced by a code enforcement officer. For these reasons, *Grayden* offers no clearly established law to support Plaintiff's procedural due process claim.

The Eleventh Circuit's opinion in *Ward* also addresses a procedural due process claim by evicted tenants. There, the tenants resided at an apartment complex purchased by a public development agency. *Ward*, 786 F.2d at 1527. The plaintiffs were month-to-month tenants with no written lease agreements, and they signed documents stating that their existing oral agreements would expire on or before October 30, 1985. *Id.* In October 1984, they received notice to vacate their apartments. *Id.* The Eleventh Circuit held that the plaintiffs' month-to-month tenancies at will qualified as property interests under Florida law. *Id.* at 1528-29. It agreed with the development agency that the plaintiffs received the 15-day notice required for terminating the tenancies under Florida law, but determined that the development agency had taken the property interests in violation of the Fifth Amendment when it failed to comply with other requirements established under Florida law. *Id.* at 1529-30. Moreover, the *Ward* court determined that the plaintiffs might have a property interest in "material relocation assistance" if they could not find other appropriate accommodations without undue hardship. *Id.* at 1531. It remanded the plaintiffs' procedural due process claim to the district court to determine whether the plaintiffs were either deprived of continued occupancy of their apartments in violation of state law or accommodation assistance mandated under state law. *Id.* at 1532.

But again, *Ward* could not have provided Defendant clear notice that his direction to Plaintiff violated her due process rights. *Ward* is not a materially similar case to the present one because it involved no circumstances requiring immediate action, such as a call requesting police

9

assistance. Additionally, the evictions at issue in *Ward* are distinguishable because the landlord, a development agency, faced legal burdens not applicable to private landlords. The court recognizes that *Ward* held month-to-month tenancies at will are protectable property interests under Florida law. However, *Ward* includes no discussion regarding whether a police officer may instruct a person to leave his or her leasehold under exigent circumstances without a pre-deprivation hearing. Therefore, that opinion could not have provided Defendant clear notice that his conduct on August 24, 2016 violated Plaintiff's procedural due process rights.

In addressing an analogous procedural due process claim against a deputy sheriff who directed a plaintiff to leave a property despite his claim of an ownership interest, the First Circuit observed that the plaintiff's due process "argument essentially invites us to hold, as a matter of constitutional law, that a police officer, summoned to mediate a volatile dispute involving an alleged trespasser, is obliged to leave the situation unresolved simply because the trespasser represents himself to be entitled to be there. To state the proposition is to expose its foolishness." *Higgins v. Penobscot Cty. Sheriff's Dep't*, 446 F.3d 11, 15 (1st Cir. 2006). That observation, although blunt, is equally applicable to the situation presented by Plaintiff's factual allegations. Because Plaintiff has failed to plead conduct that plausibly violated her clearly established constitutional rights, Defendant is due to be granted qualified immunity, and this action is due to be dismissed.

**C.      Plaintiff is Not Entitled to a Second Opportunity to Amend the Complaint**

Plaintiff has not requested leave to amend her complaint again. (*See generally* Doc. # 15). Therefore, the court is not required to grant her leave to amend *sua sponte*. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Additionally, and in any event, the court finds that any amendment would be futile due to the lack of clearly established law

prohibiting Defendant from directing Plaintiff to leave the residence under the circumstances alleged in the Amended Complaint. Thus, this action will be dismissed without leave to amend.

## IV. Conclusion

For the reasons explained above, Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 12) is due to be granted, and Plaintiff's claims are due to be dismissed with prejudice and without leave to amend. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this June 21, 2018.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE